CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 01 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

KATHERYN D. CLINEDINST, )
) Civil Action No. 5:10CV00086
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
MICHAEL J. ASTRUE, Commissioner of )
Social Security, ) By: Hon. Glen E. Conrad
) Chief United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

Plaintiff's current claim for benefits is before the court for a second time. The plaintiff first challenged the denial of her application for a period of disability and disability insurance benefits in a complaint filed on March 18, 2008. By memorandum opinion and order entered December 17, 2008, the court remanded the case to the Commissioner for further consideration. In the administrative opinion under review on that occasion, the Administrative Law Judge denied plaintiff's

application at step four of the sequential disability evaluation[1], finding that plaintiff retained sufficient functional capacity to return to her past relevant work as a "miniature golf course attendant."[2] The Administrative Law Judge did not attempt to consider the case under step five of the sequential evaluation. The court remanded the case for consideration of her claim under step five of the sequential evaluation.

The court explicitly readopts and republishes its memorandum opinion of December 17, 2008. Indeed, the court will append a copy of that opinion to its opinion in this new case, and the remaining paragraphs of this opinion shall be read as an addendum to that earlier opinion.

Following remand of plaintiff's claim, the matter was assigned to a different Administrative Law Judge.[3] The second Law Judge conducted a supplemental administrative hearing. The second

---

[1] Under 20 C.F.R. § 404.1520, a sequential disability evaluation is established for the consideration of disability claims. Under the first step, it is provided that a claimant will be deemed not disabled if he or she is still working. Under the second step, it is provided that a claimant will be determined not disabled if he or she does not suffer from a severe impairment within the meaning of 20 C.F.R. § 404.1521. If a claimant suffers from a severe impairment, the third step of the evaluation requires consideration as to whether the impairment meets or equals a listed impairment under Appendix 1 to Subpart P of the Administration Regulations Part 404. If a claimant suffers from a listed impairment, he or she is determined to be disabled without reference to factors such as age, education, and prior work experience. However, if a claimant does not suffer from a listed impairment, step four of the evaluation requires consideration as to whether the claimant retains sufficient functional capacity to return to past relevant work. If the claimant can return to past work, the regulation requires that he or she be found not disabled. However, if the claimant is disabled for past relevant work, it becomes necessary under step five to determine whether the claimant can perform other work roles existing in significant number in the national economy. If the claimant is unable to perform other work roles under step five, he or she is determined to be disabled for all forms of substantial gainful employment.

[2] It is worthy of note that while the Administrative Law Judge found that plaintiff had engaged in other work activities, his determination under step four made reference only to her work as a miniature golf course attendant.

[3] As reflected in the court's earlier opinion, plaintiff had filed an earlier application for social security disability benefits which was denied by an Administrative Law Judge. She did not appeal that earlier denial. Thus, three different Administrative Law Judges have adjudicated plaintiff's entitlement to benefits. Hereinafter, for purposes of consistency and clarity, the court will refer to the Administrative Law Judge who decided the case immediately prior to the court's remand as the "first" Administrative Law Judge. The court will refer to the Administrative Law Judge who decided the matter after the court's remand as the "second" Administrative Law Judge.

2

Law Judge rendered an opinion on August 27, 2009, in which he also denied plaintiff's claim for benefits. The Law Judge found that, as to the period between September 14, 2002 and September 30, 2002, plaintiff suffered from a back disorder and diabetes mellitus. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through her date last insured, the claimant had the residual functional capacity to perform the full range of light work (lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday) as defined in 20 CFR 404.1567(b).

(TR 407). The Law Judge then determined that, through the date last insured, plaintiff remained capable of performing past relevant work, though on this occasion the second Law Judge characterized her past work as "housekeeper/custodian, amusement attendant, and companion." (TR 416). Thus, the second Law Judge also denied the claim at step four of the sequential evaluation. The Law Judge then undertook to consider the claim at step five of the sequential evaluation. Given plaintiff's residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony of a vocational expert from a supplemental administrative hearing, the Law Judge also held that, at all relevant times, plaintiff retained sufficient functional capacity to perform a variety of other light, unskilled work roles existing in significant number in the national economy. Citing 20 C.F.R. § 404.1520(f) (step four of the sequential evaluation), the Law Judge ultimately concluded that plaintiff was not disabled at any time from September 14, 2002 through September 30, 2002. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Plaintiff has filed a new civil action challenging the Commissioner's most recent denial of her claim for benefits.

3

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

At the time of oral argument in this case, the Commissioner urged the court to ignore that portion of the second Law Judge's opinion dealing with step four of the sequential disability evaluation and to consider instead only the reasons given in support of the denial under step five. The court agrees that, given its intransigent and strident tone, the opinion of the second Law Judge is not worthy of comment. The court continues to operate under its earlier legal conclusion that the evidence in this case does not support a finding that plaintiff's work as a miniature golf course attendant was of such quality and remuneration as to qualify as substantial gainful activity.[4] In any event, the court will accept the invitation to focus on the issue as to the existence of substantial evidence to support the denial under step five of the sequential evaluation.

As indicated in footnote three of the court's earlier opinion, the court believes that there is substantial evidence to support the Commissioner's conclusion that plaintiff's physical condition had

---

[4] The court also remains convinced that the first Administrative Law Judge constructively reopened plaintiff's original claim for benefits, and that the doctrine of administrative res judicata does not bar consideration of plaintiff's entitlement to benefits prior to September 14, 2002. See gen., Farley v. Califano, 599 F.2d 606 (4th Cir. 1979). In passing, the court notes that the second Administrative Law Judge seemingly misread the statements of plaintiff's attorney at the supplemental administrative hearing (TR 861-62) as a concession of the res judicata issue. However, regardless of the proper interpretation of counsel's comments, given the court's ultimate disposition of the appeal, the issue is no longer of consequence.

not deteriorated to such an extent as to have prevented performance of up to light levels of exertion at any time prior to the termination of her insured status. Regardless of whether her problems were properly diagnosed as reflex sympathetic dystrophy, chronic pain syndrome, or fibromyalgia, the testimony of the medical advisor at the first administrative hearing stands as substantial evidence in support of the proposition that plaintiff's difficulties had not progressed to a disabling level of severity at any time on or before September 30, 2002. In this context, the court notes that the medical records developed both before and after termination of plaintiff's insured status reveal a general waxing and waning of her symptoms, which is not especially unusual given the nature of the diagnoses being entertained by her physicians. In any event, the court must agree with the Commissioner's observation that the objective evidence, clinical notes, and medical advisor's testimony do not support the existence of a continuing period of disability based on physical impairments which began prior to the termination of insured status.

The more difficult issue for the court in this case concerns the plaintiff's nonexertional impairments. The first Administrative Law Judge discussed plaintiff's environmental limitations.[5] More to the point, as documented in the medical advisor's testimony at the first administrative hearing, as well as in psychiatric reports completed by Dr. Timothy Kane in late 2001, the plaintiff was also suffering from significant symptoms of depression in the months prior to the termination of her insured status. The first Administrative Law Judge held that plaintiff did not suffer from a severe impairment based on depression which began prior to September 30, 2002. In the appeal currently before the court, the Commissioner seemingly argues as well that plaintiff's symptoms of depression

---

[5] However, at the first administrative hearing, the Administrative Law Judge did not propound any hypothetical questions to the vocational expert which could have been deemed useful for purposes of an analysis under step five of the sequential evaluation.

were not so serious or ingrained prior to the termination of insured status as to affect the performance of work activities for which she was otherwise physically capable.

As to plaintiff's environmental limitations, the court notes that the second Administrative Law Judge included such limitations in the hypothetical question put to the vocational expert at the second administrative hearing. (TR 920). The vocational expert indicated that there would still be jobs that plaintiff could perform despite these additional work-related limitations. (TR 920). The court believes that the Commissioner's reliance on the vocational expert's testimony in this respect is supported by substantial evidence.

As to plaintiff's depression during the early 2000s, the court is constrained to agree that the medical record supports the proposition that the condition was subject to reasonable control with treatment. Shortly after plaintiff was found to be suffering from some depressive symptoms, her family physicians noted that she had declined to seek mental health intervention. (TR 259). After her family doctors again reiterated the need to see a psychiatrist or counselor, it was reported on October 11, 2001 that plaintiff had rejected the recommendation. (TR 256). Although her doctors specifically made an appointment for plaintiff to see a mental health specialist, plaintiff did not "follow up." (TR 252-53). On July 11, 2002, the family physician noted that plaintiff was not taking her prescribed medications. (TR 248). Tellingly, however, in a medical note dated October 24, 2002, the treating physician reported that plaintiff's depression was stable and under control with Remeron. (TR 246).

In summary, the court finds that the record supports the Commissioner's determination that plaintiff's depression was subject to reasonable medical control during the period just before and immediately after termination of her insured status. While plaintiff's depression may have worsened

in more recent years, the evidence is simply not consistent with the notion that plaintiff suffered from an impairment, or combination of impairments, which was so severe as to have rendered her disabled for a period exceeding one year, and which began at any time on or before September 30, 2002. The court finds that the disposition of plaintiff's claim under step five of the sequential disability evaluation is supported by substantial evidence and must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that plaintiff was free of all pain, weakness, fatigue and depression. Indeed, the medical record confirms that she suffered from several serious medical problems even before termination of her insured status. Moreover, there is good reason to believe that plaintiff is disabled at the present time. However, the reports from the treating medical sources simply do not establish the existence of an impairment, or combination of impairments, which was so severe and intractable as to give rise to a disability within the meaning of the Social Security Act, at any time on or before September 30, 2002. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Most recently, plaintiff's case has been considered by a vocational expert who was asked to address the impact of nonexertional impairments on plaintiff's capacity for work. In short, the court now believes that all of the problems and difficulties documented in the medical record have been thoroughly considered. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

In passing, the court notes that one of the challenges facing plaintiff in this case has been the requirement that she establish disability onset at a time many years in the past. The court cannot help but note that despite consideration of her claim on multiple occasions, all of the adjudicators who have reviewed the matter have found that she failed to meet her burden of proof. If plaintiff still

7

wishes to pursue a claim for benefits, the proper recourse at the present time is to file a new application for a period of disability and disability insurance benefits.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 1st day of June, 2011.

_____
Chief United States District Judge